IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 3:10cr178-MHT |
| HOWARD SMITH | ) | (WO) |

## OPINION AND ORDER

This cause is before the court on defendant Howard Smith's motion to continue made on October 8, 2010. For the reasons set forth below, the court finds that jury selection and trial, now set for November 15, 2010, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy

> days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant . . . reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Smith in a speedy trial. Smith represents that, due to his counsel's medical concerns, the current trial date would not provide his

2

counsel with enough time to prepare effectively.  Smith states that his counsel has major surgery scheduled for October 13, 2010.  The hospital has advised Smith's counsel that he will be unable to practice for a minimum of 30 days following surgery.  Furthermore, the government has advised Smith that there will be a superseding indictment in the case, requiring additional time for discovery and investigation.

A continuance is therefore warranted to enable counsel to prepare effectively. See United States v. Apperson, 441 F.3d 1162, 1183-84 (10th Cir. 2006) (a continuance based upon defense attorney's medical problems was acceptable under the Speedy Trial Act); United States v. Jones, No. 2:06cr215, 2007 U.S. Dist. LEXIS 71128, 2007 WL 2231023 (M.D. Ala. Aug. 1, 2007) (Fuller, C.J.) (granting continuance when defendant's counsel was scheduled for hip replacement therapy with a six-week recovery time).

3

Accordingly, it is ORDERED as follows:

(1) Defendant Howard Smith's motion for continuance (doc. no. 11) is granted.

(2) The jury selection and trial, now set for November 15, 2010, are reset for February 14, 2011, at 10:00 a.m., at the federal courthouse in Opelika, Alabama.

DONE, this the 8th day of October, 2010.

    /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE