IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION


UNITED STATES OF AMERICA    )
                           )
    v.                      )    CRIMINAL ACTION NO.
                           )      3:10cr178-MHT
HOWARD SMITH          )        (WO)

<u>OPINION AND ORDER</u>

This cause is before the court on defendant Howard Smith's motion to reconsider the denial of his motion to continue.  The court previously denied his motion to continue.  For the reasons set forth below, the court finds that jury selection and trial, now set for February 14, 2011, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not
> guilty is entered, the trial of a

> defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1).   The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."   § 3161(h)(7)(A).   In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant . . . reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Smith in a speedy trial. Smith now represents that, due to his counsel's

continuing medical concerns, the current trial date will not provide his counsel with enough time to prepare effectively.   Smith states that his counsel underwent surgery on October 13, 2010, and that his recuperation has taken longer than anticipated.   Complications from the initial procedure required Smith's counsel to undergo a subsequent surgery in January 2011 on each eye.   In a conference call before the court, Smith's counsel reported that his eye surgery limited the number of hours he could work each day in preparation for trial.

A continuance is therefore warranted to enable Smith's counsel to prepare effectively. See United States v. Apperson, 441 F.3d 1162, 1183-84 (10th Cir. 2006) (finding a continuance based upon defense attorney's medical problems acceptable under the Speedy Trial Act); United States v. Jones, No. 2:06cr215, 2007 U.S. Dist. LEXIS 71128, 2007 WL 2231023 (M.D. Ala. Aug. 1, 2007) (Fuller, C.J.) (granting continuance when defendant's counsel was scheduled for hip replacement therapy with a

six-week recovery time).  This court's decision is buttressed by the fact that the government does not oppose the continuance.

Accordingly, it is ORDERED as follows:

(1) Defendant Howard Smith's motion to reconsider (doc. no. 28) is granted.

(2) The jury selection and trial of defendant Smith, now set for February 14, 2011, are reset for April 4, 2011, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 1st day of February, 2011.

                    /s/ Myron H. Thompson
                  UNITED STATES DISTRICT JUDGE